UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA FENDLEY,
an individual,

    Plaintiff,

vs.

CASE NO: 2:22-CV-1095-GMB

COASTAL EQUITIES REAL ESTATE, LLC,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Amended Complaint and sues COASTAL EQUITIES REAL ESTATE, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

1

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of Warrior, Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter numerous times, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, COASTAL EQUITIES REAL ESTATE, LLC, is a foreign limited liability company that is not registered to do business in the State of Alabama, but is nonetheless conducting business in the State of Alabama. Upon information and belief COASTAL EQUITIES REAL ESTATE, LLC, (hereinafter referred to as "CERE") is the owner, lessee and/or operator of the real property and

2

improvements that are the subject of this action, specifically: West County Market Place located at 2004 Veterans Memorial Dr., Birmingham, Alabama (hereinafter referred to as the "Shopping Center").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## **COUNT I - VIOLATION OF THE ADA**

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center owned by CERE is a place of public accommodation in that it is a retail shopping center operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center owned by CERE. Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center in violation of the ADA. FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. CERE is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i.      There are an insufficient number of accessible parking spaces in the parking lot serving the shopping center;

    ii.     Where accessible parking spaces are designated by raised signs, the signs are mounted too low and they are not visible over parked vehicles;

    iii.    The four parking spaces with some indicia of accessibility that are located across from American Freight (Suite 2012) have no adjacent access aisles necessary for a wheelchair user, and no raised accessible signage to designated these parking as accessible;

    iv.    The base of the curb ramp at the Dollar Tree (Suite 2008) has an abrupt change in level of greater than ½" that is not beveled for a wheelchair user;

    v.     The four (4) parking spaces between Ollies and the Dollar Tree have no adjacent access aisles necessary for a wheelchair user and three (3) of these spaces have accessible signage that is mounted too low to be viewed over parked vehicles, and one (1) of these spaces has no raised accessible signage to designate it at all;

    vi.    The three (3) accessible parking spaces across from Citi Trends (Suite 2000) have no adjacent access aisles necessary for a wheelchair user and one (1) of these spaces has signage that is too low to be seen over a parked vehicle, and the other two (2) of these parking spaces have no raised accessible signage to designate them at all;

    vii.   There is a ramped change in level within the sidewalk connecting the tenant spaces that has a slope that is too steep for a wheelchair user between Citi Trends and the adjacent tenant space;

viii. The parking space across from Pinnacle Tax Solutions (Suite 1992) that has some indicia of accessibility has no adjacent access aisle necessary for a wheelchair user and no raised accessible signage to designate the parking space as accessible;

ix. The base of the curb ramp at Pinnacle Tax Solutions (Suite 1992) has an abrupt change in level of greater than ½" that is not beveled as necessary for a wheelchair user;

x. There is a ramped change in level within the sidewalk connecting the tenant spaces that is too steep for a wheelchair user at Anytime Fitness (Suite 1984);

xi. The base of the curb ramp at Anytime Fitness (Suite 1984) has an abrupt change in level of greater than ½" that is not beveled as necessary for a wheelchair user;

xii. There is a ramped change in level within the sidewalk connecting the tenant spaces that has a slope that is too steep for a wheelchair user between Citi Gear (Suite 1982) and Cato Fashions (Suite 1974);

xiii. The parking space with some indicia of accessibility located across from the Adamsville Police office (Suite 1952) has no adjacent access aisle necessary for a wheelchair and no raised accessible signage;

xiv. The base of the curb ramp at Nail Fever (Suite 1968) and Suite 1956 has an abrupt change in level of greater than ½" that is not beveled for a wheelchair user;

xv. There is a ramped change in level within the sidewalk that has a slope that is too steep for a wheelchair user at the Adamsville Police office (Suite 1952);

xvi. The accessible parking space across from the Suite 1956 has no adjacent access aisle necessary for a wheelchair user and no raised accessible signage;

    xvii.    There is a ramped change in level within the sidewalk connecting the tenant spaces that has a slope that is too steep between Suite 1956 and Roses Express (Suite 1948);

    xviii.    All of the parking spaces in the vicinity of Suite 1948 that bear some indicia of accessibility lack adjacent access aisles necessary for a wheelchair user.

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by CERE that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, CERE was required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, CERE has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's

fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against CERE and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 7th day of December, 2022.

Respectfully submitted,

By: __/s/ Edward I. Zwilling__
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com